**UNITED STATES of America,**
**Appellee,**

**v.**

**Jorge Alberto MEZA–ARCADIA,**
**Appellant.**

**No. 71–2964.**

United States Court of Appeals,
Ninth Circuit.

April 6, 1972.

George W. Hunt, of Gregorcich, Gattey & Hunt, San Diego, Cal., for appellant.

Harry D. Steward, U. S. Atty., Stephen G. Nelson, Catherine A. Chandler, Asst. U. S. Attys., San Diego, Cal., for appellee.

Before MERRILL, ELY and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Meza-Arcadia appeals from his conviction for having smuggled merchandise into the United States in violation of 18 U.S.C. § 545. We affirm.

On September 2, 1967, Customs Inspector Beck stopped a 1959 Ford at the San Ysidro, California, port of entry. The driver, the sole occupant of the car, presented an immigration document, Form I–186, to Beck. The officer, comparing the physical description and photograph on the card with the driver,

concluded that the card had not been altered and that it did belong to the driver. When the driver had difficulty opening the hood of the car at Beck's request, Beck asked him for his driver's license. After satisfying himself that the description and picture on the license depicted the driver, Beck proceeded to attempt to roll down the left rear window of the automobile. At this time the driver fled back into Mexico. Further inspection of the car revealed marijuana in both rear window panels.

About four years later, Meza-Arcadia was apprehended and tried on the subject smuggling charge. At the trial, Beck admitted that he could not then make a positive in-court identification of Meza-Arcadia as the driver he had observed so long before. He did testify, however, that he was satisfied at the time of the border crossing, after carefully comparing the physical description and pictures of the individual on the two documents with the driver, that the driver was the same as the individual depicted on the immigration card and the driver's license. Meza-Arcadia testified in his own behalf. He admitted that the immigration document and the driver's license depicted him and belonged to him, but he testified that the documents were lost in May, 1967, four months prior to the smuggling incident.

This case does present a somewhat unique identification problem. Meza-Arcadia, relying principally upon Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1962), contends that the use of photographs of only himself to identify him as the smuggler violated his rights to due process. We are not persuaded that a *Stovall* problem is presented. The question, rather, is the sufficiency of the prosecution's evidence to establish that Meza-Arcadia was in fact the individual who had presented the identifying documents to Inspector Beck when the smuggling was attempted. The District Court recognized this, remarking, "[T]he question is, Is the testimony sufficient with Beck saying, 'At the time that I saw this man, whoev-

er he was, when he came across the border, I was satisfied he was the man whose picture this is, although I can't identify him now'?"

In assessing the sufficiency of the evidence, the trial court was entitled to believe the testimony of Beck and to weigh the credibility of Meza-Arcadia. There was, we think, sufficient evidence to support the trial court's conclusion that Meza-Arcadia was the smuggler. To hold otherwise would penalize the Government for the honesty of its agent.

Affirmed.